UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDEAN, INC. and LEGACY MORTGAGE AND REAL ESTATE INC., <br><br>Plaintiffs, <br><br>v. <br><br>ADRIAN LAMONT ROSS, and DOES 1-5, INCLUSIVE, <br><br>Defendants. | No. 2:17-cv-02397-GEB-DB <br><br>***SUA SPONTE* REMAND ORDER**\* |

Defendant Adrian Lamont Ross removes this unlawful detainer action from the Superior Court of California for the County of Sacramento asserting that the removal is appropriate under 28 U.S.C. §§ 1331, 1332. Notice of Removal ("NOR"), ECF No. 1. Defendant also characterizes his removal petition as a complaint; however, it is evident that what he characterizes as a complaint is a counterclaim, which is not an adequate basis for removal.

"There is a 'strong presumption against removal jurisdiction,' and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011)

---

\* The undersigned judge revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case.

1

(quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

Defendant asserts in the Notice of Removal that both federal question and diversity removal jurisdiction exist. NOR 2:15; 6:10-11. However, Defendant has not shown the existence of federal question jurisdiction. Review of the complaint reveals plaintiffs allege a single claim for unlawful detainer under California law, and "[a]s a general rule, . . . a case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). Under the "well-pleaded complaint rule[,] . . . 'a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint . . . .'" Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)). Similarly, "federal [question] jurisdiction [cannot] rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 50 (2009); Bank of New York Mellon v. Flores, 2:12-cv-00435, 2012 WL 1981329, at *4 (E.D. Cal. June 1, 2012)("An anticipated defense or counterclaim cannot establish a

federal question because such a defense or counterclaim does not appear on the face of the complaint."). Although Defendant has attempted to create federal question subject matter jurisdiction by adding defenses and claims under RESPA to his petition for removal and characterizing what he added as his complaint for his claims, his obvious counterclaims do not confer the federal court with removal jurisdiction. Cf., Aurora Loan Servs., LLC v. Martinez, 2010 WL 1266887, at *1 (N.D.Cal. Mar.29, 2010)(stating "allegations in [a] removal notice or [an] answer to the complaint cannot provide this court with federal question jurisdiction.").

Further, Defendant has not shown satisfaction of the diversity of citizenship requirement for removal jurisdiction to exist 28 U.S.C. § 1332.

Therefore, this case is remanded to the Superior Court of California for the County of Sacramento.

Dated: November 22, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3